THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

121-293

| | |
|---|---|
| J.A.<br><br>Plaintiff<br><br>V.<br><br>8000 TARTAK STREET OWNER LLC et al.<br><br>Defendants. | CIVIL NÚM.:   23-cv-1554 (SCC) |

**CONTINGENT CROSS-CLAIM AGAINST
DIAMOND POINT MASSAGE INC.**

TO THE HONORABLE COURT:

COMES NOW Highgate Hotels, LLC and 8000 Tartak Street Owner LLC, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1. Plaintiff has included as a co-defendant Diamond Point International Massage Inc. (hereinafter Diamond Point), alleging against them vicarious liability due the acts or omissions imputed to masseuse Nicholas Riviere. Plaintiff further alleged Diamond Point International Massage incurred in liability due to the negligent hiring, retention and supervision of Mr. Riviere, as well as in failing to implement reasonable policies and procedure to protect their clients and training their employees. See Docket 42, paragraphs 78-108.

2. Appearing defendants Highgate Hotels LLC and 8000 Tartak Street Owner LLC (hereinafter Highgate and 8000 Tartak respectively) have been

included as defendants in this case on allegations that it is liable for the fault or negligence incurred at its premises by Diamond Point and their employee/contractor, masseuse Nicolas Riviere when he allegedly assaulted plaintiff during a massage session.

3. At all relevant times, there was a service agreement between appearing defendants and Diamond Point, that imposed on Diamond Point various duties and responsibilities, including but not limited to defend, indemnify and hold the Hotel harmless against any and all allegations, demands, claims liabilities, damages arising out of their negligence, of their infringement of the rights of any person.

4. While Highgate and 8000 Tartak deny plaintiff's allegations and deny liability in this case, should plaintiff prevail then to the extent the reason Highgate and 8000 Tartak are held liable to plaintiff because of the fault or negligence incurred by Diamond Point, then Highgate and 8000 Tartak would be entitled to recover from Diamond Point all sums it becomes obligated to pay plaintiff whether by settlement or judgment. On this basis, Highgate and 8000 Tartak file this present cross-claim against Diamond Point, seeking to recover from them those sums Highgate and 8000 Tartak becomes obligated to pay plaintiff (whether by settlement or judgment), plus interest.

5. This Honorable Court has supplemental jurisdiction over this cross-claim under 28 U.S.C. § 1367 as it is related to plaintiff's claim falling with the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

WHEREFORE, for the reasons stated above, should this court enter judgment in favor of plaintiff and against the appearing party, and to the extent Highgate and 8000 Tartak become obligated to pay plaintiff any sum, or otherwise pays plaintiff any sum in settlement, then it is respectfully requested that this Court also enter judgment in favor of Highgate and 8000 Tartak and against Diamond Point.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to attorney for the plaintiff to his/her electronic address of record.

At San Juan, Puerto Rico, this 1st day of July, 2024.

Respectfully submitted,

**S/FRANCISCO E. COLÓN RAMÍREZ**
FRANCISCO E. COLÓN RAMÍREZ
Bar No.: 210510
E-mail: fecolon@colonramirez.com


**S/HÉCTOR MÁRMOL LANTIGUA**
HÉCTOR MÁRMOL LANTIGUA
Bar No.: 225404
E-mail: hmarmol@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 760-1077
Fax: (305) 507-1920